12 F.3d 211
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sylvester BERRY, Jr., Plaintiff-Appellant,
v.
Richard THORNBURGH, Defendant-Appellee.
 No. 92-1572.
 United States Court of Appeals, Sixth Circuit.
 Nov. 26, 1993.
 
 On Appeal from the United States District Court for the Eastern District of Michigan, No. 96-70751; Woods, J.
 E.D.Mich.
 AFFIRMED.
 Before: BOGGS and SUHRHEINRICH, Circuit Judges; and, WEBER, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Sylvester Berry, a former Deputy United States Marshal ("DUSM"), brought suit alleging unlawful removal from federal employment, racial discrimination in employment in violation of Title VII of the Civil Rights Act of 1964 (as amended by the Equal Employment Opportunity Act of 1972 (42 U.S.C. Sec. 2000e-16(c))), and retaliation for filing complaints with the Equal Employment Opportunity Commission, in violation of the "participation" clause of Sec. 704(a) of Title VII (42 U.S.C. Sec. 2000e-3(a)). The district court dismissed defendant's discharge claim as barred under 5 U.S.C. Sec. 7121(d) (1988); and after a bench trial concluded that plaintiff had failed to prove his claims of race discrimination in employment or retaliation for protected activities in violation of Title VII. The court therefore entered judgment for the defendant, Richard Thornburgh. This appeal followed.
 
 
 2
 Plaintiff claims that the district court erred in dismissing his unlawful discharge claim. We disagree. As correctly noted by the district court, plaintiff's election of the grievance procedure was irrevocable. See 5 U.S.C. Sec. 7121(d); Smith v. Kaldor, 869 F.2d 999, 1005 (6th Cir.1989); Vinieratos v. United States Dep't of the Air Force, 939 F.2d 762, 768 (9th Cir.1991). Although plaintiff could have obtained review of his claim that his discharge was discriminatory, the failure to raise the issue as an aspect of his grievance deprived the Merit Systems Protection Board and the federal court of jurisdiction to review it. See 5 U.S.C. Sec. 7702(a)(1) and Sec. 7703(c); Hays v. Postmaster Gen. of the United States, 868 F.2d 328, 331 (9th Cir.1989) (per curiam).
 
 
 3
 Plaintiff also challenges the district court's factual findings on his race discrimination in promotion claim and his retaliation claim. Appellate review of a district court's findings of fact is quite limited. We may not reverse unless the trial court's findings are clearly erroneous. Fed.R.Civ.P. 52(a); Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985). Upon careful review of the arguments and the record, we cannot say that the district court's factual findings are clearly erroneous.
 
 
 4
 We therefore AFFIRM the judgment of the district court as stated in its opinions dated February 6, 1991, April 12, 1991, and April 1, 1992. SO ORDERED.
 
 
 
 *
 Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation